# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC d/b/a CHAMPION MORTGAGE COMPANY, | No. 3:17-cv-165 (MPS) |
| Plaintiff, | |
| v. | |
| AHMED A. DADI and SECRETARY OF HOUSING AND URBAN DEVELOPMENT, | |
| Defendants. | |
| AHMED A. DADI, | |
| Counterclaimant, | |
| v. | |
| NATIONSTAR MORTGAGE LLC, d/b/a CHAMPION MORTGAGE COMPANY, | |
| Counterclaim Defendant. | |

## RULING ON MOTION TO DISMISS COUNTERCLAIMS AND STRIKE DEFENSES

Plaintiff Nationstar Mortgage LLC ("Nationstar") has moved under Rule 12(b)(6) to dismiss defendant Ahmed A. Dadi's ("Dadi") counterclaim and under Rule 12(f) to strike Dadi's affirmative defenses. (ECF No. 49.)[1] For the reasons discussed below, I GRANT Nationstar's motion to dismiss Dadi's counterclaim and GRANT Nationstar's motion to strike Dadi's affirmative defenses.

---

[1] Though Nationstar originally moved both under Rule 12(b)(1) and Rule 12(b)(6), I construe Nationstar's renewed motion as only moving on Rule 12(b)(6) grounds.

## I. Background

### a. Factual Background

The following facts are taken from Dadi's amended answer/cross-claim and counter-claim complaint and the admitted facts in plaintiff Nationstar's complaint.

Dadi is the owner of the property located at 269 Mountain Road, West Hartford, Connecticut. (ECF No. 47-2.) On July 31, 2009, he entered into a Home Equity Conversion Mortgage ("HECM") with Webster Bank, N.A., for $796,500.00, which was recorded on the land records. (*Id.* at ¶ 1.) Webster Bank, N.A. assigned Dadi's HECM to Nationstar. (*Id.* at ¶ 4.) Dadi did not pay the installment of principal and interest that was due on July 16, 2014 or any of the payments due for following months. (*Id.* at ¶ 6.) On November 2, 2015, Nationstar exercised its option to declare the entire balance due on the note due and payable, filing suit in the Superior Court, Judicial District of Hartford. (*Id.* at ¶ 5.)

Nationstar's complaint requests foreclosure of Dadi's mortgage, immediate possession of the mortgaged premises, a deficiency judgment against Dadi, the appointment of a receiver to collect rents and profits accruing from the premises, and costs and fees. (*Id.* at 4.) The complaint names the Secretary of Housing and Urban Development ("HUD") as a defendant on the grounds that it "may claim an interest in the property by virtue of a reverse mortgage" in the original principal amount. (*Id.* at 2, ¶ 7.) Dadi filed an answer with affirmative defenses, as well as counterclaims and cross-claims against both Nationstar and HUD. (ECF No. 1-1.) HUD removed this case to this Court on February 2, 2017 under 28 U.S.C. § 1442(a)(1) as a suit against a federal agency. (ECF No. 1.)

After HUD removed, it filed a motion to dismiss the cross-claims. (ECF No. 9.) Nationstar filed a motion to dismiss the counterclaims and strike Dadi's affirmative defenses on June 16,

2017. (ECF No. 31.) In response, Dadi filed an amended answer on August 8, 2017, including amended defenses, cross-claims, and counterclaims. (ECF No. 37.) Dadi sought leave to amend his complaint again on August 21, 2017, which this Court denied. (ECF Nos. 39, 42.) Both Nationstar and HUD renewed their motions to dismiss, asserting that Dadi's claims fail under both Rule 12(b)(1) and 12(b)(6). (ECF Nos. 47, 49.)

On November 1, 2017, I granted HUD's motion to dismiss Dadi's cross-claims. (ECF No. 63.) In an oral decision, I held that the Court lacked jurisdiction over Dadi's cross-claims because Dadi did not satisfy the requirements of Article III standing and because HUD is protected from suit by sovereign immunity. However, I reserved decision on Nationstar's instant motion to dismiss Dadi's counterclaims and its motion to strike Dadi's affirmative defenses. On January 5, 2018, I noted that my dismissal of the cross-claims against HUD had raised a potential issue with the Court's continued subject matter jurisdiction over the case, and *sua sponte* ordered additional briefing from HUD and Nationstar on that issue. (ECF No. 69.) Nationstar filed its jurisdictional brief on January 26, 2018, and HUD filed its brief on February 2, 2018. (ECF Nos. 74, 77.)

b.    Dadi's Remaining Counterclaims and Defenses

Dadi's amended counterclaim complaint alleges in relevant part that: (1) "Nationstar [] never provided the required documents necessary to have [HUD] accept assignment of the mortgage subject of this litigation" (ECF No. 37 at 4, ¶ 1); (2) Dadi "attempted to negotiate and settle any and all outstanding alleged delinquencies under the Federal Guidelines" (*id.* at 5, ¶ 5); (3) Nationstar "was properly notified of the hardships and medical condition of [Dadi] as with the claimed self-employment declined as a result of his medical conditions and failed to properly inform [him] of his options as required by any lender," (*id.* at ¶ 6); (4) Nationstar violated the Truth in Lending Act ("TILA") "by not properly informing Mr. Dadi of all options available to him as

3

required prior to initiating foreclosure proceedings," which was "predatory," and that Dadi being "elderly and sickly was entitled to relief and alternative options not properly afforded to him" by Nationstar (*id.* at 6, ¶ 8); and (5) Nationstar violated the Dodd-Frank Act by "not properly notifying, informing Mr. Dadi of all options and alternative [sic] available to him and his family to prevent foreclosure," "failed to properly work with Mr. Dadi as required to prevent foreclosure," "failed to follow mortgage servicing rules as required," "failed to follow each and every HUD guideline, regulation, and process prior to initiating foreclosure proceedings," and violated "Public Act 83-547 as amended." (*Id.* at 7, ¶ 11.)

Dadi's amended answer also asserts nine special defenses, specifically that: (1) HUD "should accept assignment of mortgage and consider all applicable law" due "to the medical conditions of the Defendant Ahmed Dadi" and "the poor health of both Adhmed Dadi and spouse Mrs. Dadi under 12 U.S.C.A. § 1712u(b)"; (2) HUD "should accept assignment of mortgage and consider all applicable law conditions allowed, requirements including but not limited to the down turn in self-employment conditions for Mr. Ahmed Dadi pursuant to 12 U.S.C.A. § 1712u(b)," (3) "[t]he Property subject of this civil action is the Principal Residence of Mr. Ahmed Dadi and his family," citing *Lamison v. United States HUD*, C.A. No. 83-766, 1983 U.S. Dist. LEXIS 18037 (W.D. Pa. Apr. 1, 1983); (4) Dadi "has ability to maintain future payments"; (5) HUD should "accept assignment of said mortgage and provide the proper application to [Dadi]," "assist [Dadi] with the application process which would enable HUD to accept assignment of the mortgage subject of this litigation," and that HUD "has not assisted nor provided the required documents, protection or assistance under their own Guidelines and Federal Law"; (6) "Real Estate Property Tax Increases"; (7) Nationstar violated TILA and the Dodd-Frank Act by "not properly notifying, informing or offering Mr. Dadi all options and remedies available to him surrounding alleged

defaults and the options available to cure the alleged defaults of the mortgage subject of this litigation"; (8) HUD violated TILA and the Dodd-Frank Act by "not properly notifying, informing or offering Mr. Dadi all options and remedies available to him surrounding alleged defaults and the options available to cure the alleged defaults"; and (9) "[Dadi] is entitled to relief provisions under the Connecticut Public Act 83-547 as amended by Public Act 83-29." (ECF No. 37 at ¶¶ 9–17.)

## II.      Standard of Review

"To survive a [Rule 12(b)(6)] motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court must accept the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014). The Court must then determine whether those allegations "plausibly give rise to an entitlement to relief." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).

In deciding the motion, the Court must limit itself "to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference," as well as matters of which judicial notice may be taken. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Because Dadi is *pro se*, the Court must "construe his pleadings liberally to raise the strongest arguments they suggest." *Warren*, 744 F.3d at 843. However, "the Court need not engage in 'rank speculations' to manufacture a federal claim for pro se plaintiffs," and the

"court may dismiss a complaint if it appears beyond doubt that no set of facts could be proven that would establish an entitlement to relief." *Gonzalez v. Option One Mortg. Corp.*, No. 3:12-CV-1470 CSH, 2014 WL 2475893, at *5 (D. Conn. June 3, 2014).

Under Fed R. Civ. P. 12(f), the court may strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). To prevail on its motion to strike Dadi's affirmative defenses, Nationstar "must establish that: "(1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law that might allow the defense to succeed; and (3)[it] would be prejudiced by the inclusion of the defense." *Vallecastro v. Tobin, Melien & Marohn*, No. 313-CV-1441SRU, 2014 WL 7185513, at *7 (D. Conn. Dec. 16, 2014) (citing *New England Health Care Emps. Welfare Fund v. iCare Mgmt., LLC*, 792 F.Supp.2d 269, 288 (D. Conn. 2011)).[2] The first two prongs "examine the legal sufficiency of the asserted defense" and are determined "solely upon the face of the pleading" under the same standards applicable to a Rule 12(b)(6) motion to dismiss. *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 78 (D. Conn. 2015) (citing *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010)). "A motion to strike an affirmative defense . . . for legal insufficiency is not favored . . . ." and will not succeed unless the defense is plainly legally insufficient. *Fed. Hous. Agency v. Royal Bank of Scotland Grp. PLC*, 204 F. Supp. 3d 426, 428 (D. Conn. 2016). However, if the court does determine that a defense is legally insufficient, the prejudice that results from needlessly increasing the duration and expenses of litigation requires the court to strike the defense. *See Coach*, 756 F.Supp.2d at 425 ("[I]nclusion of a defense that

---

[2] While other district courts within the Second Circuit have split on whether the heightened *Twombly* and *Iqbal* standards apply to affirmative defenses, "[d]istrict judges within the District of Connecticut have held that application of that standard to affirmative defenses is inconsistent with the position that motions to strike affirmative defenses are generally disfavored" and thus continue to apply the three-factor standard. *Id.* at *7 (collecting cases).

must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation").

## III.    Discussion

### a.    Subject Matter Jurisdiction

As noted above, Nationstar named HUD, as a party that may claim an interest in Dadi's home, as a defendant, and Dadi later asserted cross-claims against HUD, at which point HUD removed the case to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a). After I dismissed Dadi's cross-claims against HUD, I asked the parties to submit briefs on the question whether the Court still has, or should continue to exercise, subject matter jurisdiction.[3] "[A] court must satisfy itself that it has subject matter jurisdiction and may at any time in the course of litigation consider whether such jurisdiction exists." *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). In removed cases such as this one, remand is mandatory if subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c).

Although often "removal statute[s] . . . [only] provide the procedural mechanism for transferring a case from one court to another . . . [a] removal statute may, however, in limited circumstances, confer subject matter jurisdiction on the federal courts, as well as provide the procedural mechanism for removal." *Orange Cty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 49–50 (2d Cir. 2009) (citation omitted). In those instances, "nonsubstantive defects regarding

---

[3] *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction).

removal," such as the timing or form of the removal, "can be waived, regardless of whether the federal court had jurisdiction independent of the removal statute." *Id.* at 50, n.13.

HUD's notice of removal specified that Dadi had filed a "[c]ounterclaim [sic] against [HUD]" and that HUD was removing the action under the "federal officer removal statute," 28 U.S.C. § 1442(a)(1). (ECF No. 1 at ¶¶ 1-3.)[4] Once I dismissed Dadi's cross-claims against HUD, the basis for HUD's invocation of the officer removal statute ceased to exist. In their briefs addressing my jurisdictional query, Nationstar and HUD primarily address two potential sources of the Court's subject matter jurisdiction: complete diversity and the "quiet title" statute, 28 U.S.C. § 2410.[5] Both HUD and Nationstar point out that HUD's presence as a defendant destroys

---

[4] The statute provides in relevant part:

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

[5] Both HUD and Nationstar wrongly assume that if subject matter jurisdiction does not independently lie under diversity or § 2410, I may continue to exercise jurisdiction because Dadi's counterclaims against Nationstar raise federal questions. With exceptions not relevant here, "[i]t is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) (declining "to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-or-counterclaim rule'"). Dadi's counterclaims against Nationstar have no bearing on this Court's jurisdiction. HUD also suggests that other potentially governing statutes, including the "sue-and-be-sued" provision in the National Housing Act, 12 U.S.C. § 1702, do not independently confer jurisdiction. *Compare* 12 U.S.C. § 1702 (authorizing suit "in any court of competent jurisdiction, State or Federal") *with Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 561 (2017) (holding that authorization for Fannie Mae to sue and be sued "in any

complete diversity under 28 U.S.C. § 1332.  (ECF No. 74 at 2–3; ECF No. 77 at 2.)  *See Texas v. Interstate Commerce Comm'n*, 258 U.S. 158, 160 (1922); *Frey v. E.P.A.*, 270 F.3d 1129, 1136–37 (7th Cir. 2001).  They also question whether 28 U.S.C. § 2410 provides the Court with subject matter jurisdiction.  (ECF No. 74 at 3; ECF No. 77 at 2–5.)

Under 28 U.S.C. § 2410, "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—[] to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien."  28 U.S.C. § 2410(a)(2).  The statute further provides that "[t]he complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States."  *Id.* § 2410(b).  The Supreme Court has stated, in *dicta*, that § 2410 "provide[s] a quiet title cause of action against the Federal Government," *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 317 n.4 (2005), but it has not squarely addressed whether this statute creates federal subject matter jurisdiction.[6]

The question raised by the parties is whether Section 2410 constitutes only a limited waiver of the United States's sovereign immunity against suit or whether it also confers jurisdiction on the federal courts to hear cases that fall within the statute's ambit.  Several Circuits have found that § 2410 effects only a waiver of sovereign immunity and does not affirmatively confer subject matter jurisdiction.  *See, e.g., Harrell v. United States*, 13 F.3d 232, 234 (7th Cir. 1993) ("All [§ 2410] does is waive sovereign immunity. It does not authorize quiet-title suits; it does not confer

---

court of competent jurisdiction, State or Federal," did not confer subject matter jurisdiction over the suit).  Because I find jurisdiction on other grounds, I need not decide these issues.

[6] In a 1960 case, the Supreme Court stated that the "only apparent purpose [of § 2410] is to lift the bar of sovereign immunity which had theretofore been considered to work a particular injustice on private lienors." *United States v. Brosnan*, 363 U.S. 237, 246 (1960).  This statement was *dicta* too, however, and thus does not provide binding precedent on the issue.

federal jurisdiction over them."); *McNeill v. Franke*, 171 F.3d 561, 563 (8th Cir. 1999) (same);

*Shaw v. United States*, 331 F.2d 493, 496 (9th Cir. 1964) (same); *Hussain v. Boston Old Colony*

*Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002) ("Section 2410(a) only waives sovereign immunity and

does not create a basis for federal subject matter jurisdiction.").[7]  On the other hand, one other

judge on this Court has found that Section 2410 is jurisdictional.  *See E. Sav. Bank, FSB v. Berry*,

No. 3:13-CV-01173-WWE, 2016 WL 777892, at *2 (D. Conn. Feb. 29, 2016).  The Second Circuit

has not explicitly ruled on the question.  At times, it has indicated that it believes Section 2410 not

only waives sovereign immunity but affirmatively grants jurisdiction.  *See C.H. Sanders Co. v.*

*BHAP Hous. Dev. Fund Co*., 903 F.2d 114, 120 (2d Cir. 1990) ("[T]here is no serious dispute here

that there is both subject matter jurisdiction and waiver of immunity" for foreclosure action on

mechanics lien (citing 28 U.S.C. § 2410)); *United States v. Bedford Assocs.*, 657 F.2d 1300, 1316

(2d Cir. 1981) (observing in *dicta* that "[28 U.S.C. § 2410] confers subject matter jurisdiction upon

the district court to foreclose a mortgage or other lien upon . . . real or personal property on which

the United States has or claims a mortgage or other lien") (internal quotation marks omitted).  But

in other instances, its decisions suggest that jurisdiction must be found under a different statute (in

particular, 28 U.S.C. § 1340, which expressly provides original jurisdiction for actions under the

---

[7] The Fifth Circuit takes the view that Section 2410 itself confers subject matter jurisdiction only in the context of removal under 28 U.S.C. § 1444.  *Hussain*, 311 F.3d at 629 ("Section 2410(a) waives the sovereign immunity of the federal government, enabling private parties to hale the government into court to determine the priority of outstanding liens . . . . As a trade off for the waiver of sovereign immunity, section 1444 permits the government to remove to federal district court any such case initiated in state court. In light of this conditional relationship between §§ 2410(a) and 1444, we have held that § 1444 confers a substantive right to remove, independent of any other jurisdictional limitations . . . . Thus, to find subject matter jurisdiction in this case we had to resolve initially whether § 2410(a) applies in this case . . . . Once the applicability of § 2410(a) is established, *federal subject matter jurisdiction is present on the basis of § 1444*.") (emphasis added; footnotes and internal quotation marks omitted); *see also* 28 U.S.C. § 1444 ("Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court . . . .").

internal revenue laws). *See S.E.C. v. Credit Bancorp., Ltd.*, 297 F.3d 127, 138 (2d Cir. 2002) ("Section 2410 . . . constitutes a limited waiver of sovereign immunity."); *Kulawy v. United States*, 917 F.2d 729, 733 (2d Cir. 1990) (observing that while 28 U.S.C. § 1340 "gives the federal district courts original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue," Section 2410 "waives the federal government's sovereign immunity for certain types of actions") (citation omitted); *Falik v. United States*, 343 F.2d 38, 40 (2d Cir. 1965) (same).

I need not decide whether Section 2410 would provide original jurisdiction over Nationstar's suit, because HUD removed the case and 28 U.S.C. § 1444 clearly provided a basis for both removal and subject matter jurisdiction. That statute provides that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444. § 1444 does not condition the United States's ability to remove on the existence of original jurisdiction, but simply on the existence of a § 2410 action brought against the United States. *Hussain*, 311 F.3d at 629 ("[W]e have held that § 1444 confers a substantive right to remove, independent of any other jurisdictional limitations . . . . Once the applicability of § 2410(a) is established, federal subject matter jurisdiction [in a case removed by the United States] is present on the basis of § 1444." (internal footnotes, quotation marks, and citations omitted)); *see also Brosnan*, 363 U.S. at 245–46 ("The [§ 2410] action can be brought in a state court, but is removable to a federal court."). Accordingly, even if I found that § 2410 itself did not confer subject matter jurisdiction, I would find that § 1444 "enable[s] a district court to assert jurisdiction over an action that could not otherwise have been commenced in federal court." *Orange Cty. Water Dist.*, 584 F.3d at 50. In the event § 2410 did not confer jurisdiction, then, I

would conclude that Section 1444 "provides both a procedural mechanism [for removal] and subject matter jurisdiction." *Id.*

Here, Section 1444 supplied a basis for HUD's removal of Nationstar's action. Nationstar's original complaint named HUD as a defendant in its foreclosure action against Dadi. (ECF No. 47-2 at 1, 2, ¶ 7, 4.)  As Section 2410(b) requires, the complaint also specifically set forth the nature and amount of HUD's interest—"a reverse mortgage in the original principal amount of $796,500.00 dated July 31, 2009." (*Id.* at 2, ¶ 7.)[8]  Nationstar's complaint thus properly asserted a Section 2410 claim against HUD, and so HUD was entitled to remove the action from state court under 28 U.S.C. § 1444.

It is true that HUD did not address 28 U.S.C. § 1444 in its notice of removal, and that HUD was required to remove Nationstar's Section 2410 claim thirty days after the complaint was filed, which it did not do.  (ECF No. 1, ECF No. 47-2.)  28 U.S.C § 1446(b).  These requirements are not jurisdictional, however, and go instead to the "timing or form of removal" and are thus waived by the parties' failure to raise them.  *Orange Cty. Water Dist.*, 584 F.3d at 50 n.13.  Further, I could permit HUD leave to amend its notice of removal to correct the omission of § 1444.  *See* 28 U.S.C. § 1653 (permitting amendment of defective jurisdictional allegations).  For the sake of judicial economy, however, I choose to recharacterize the pleadings here. *See Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 88 (2d Cir. 1990) (recharacterizing derivative suit as class action

---

[8] Section 2410 does require that "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale."  28 U.S.C. § 2410(c). Nationstar's foreclosure complaint seeks receivership, not judicial sale, but given the early stage of this case and that judicial sale is typically sought by motion in Connecticut, it would elevate form over substance to find that Nationstar's foreclosure action does not qualify.  *See generally Bank of Am., N.A. v. Malkin*, No. 3:16-CV-694 (MPS), 2018 WL 624636, at *1 (D. Conn. Jan. 30, 2018); *see also Progressive Consumers Fed. Credit Union v. United States*, 79 F.3d 1228, 1231–32 (1st Cir. 1996) (urging substance over form when construing Section 2410).

under 28 U.S.C. § 1653 to correct defective allegations of diversity jurisdiction); *cf. Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972) (where judgment was entered following improper removal without objection, court found there was jurisdiction because, although notice of removal did not cite diversity jurisdiction, there was diversity jurisdiction at the time the judgment was entered). Doing so will not prejudice any party, because no party has sought to remand this case to state court. Accordingly, notwithstanding my dismissal of the cross-claims against HUD, I have subject matter jurisdiction under 28 U.S.C. § 1444, which authorized HUD's removal.

      b.    <u>Motion to Dismiss Amended Counterclaim</u>

Satisfied that I have jurisdiction, I now assess Nationstar's motion to dismiss Dadi's amended counterclaim. Nationstar argues that Dadi's counterclaim should be dismissed for failure to state a claim because Dadi's allegations that Nationstar failed to take certain steps prior to initiating foreclosure in violation of TILA and the Dodd-Frank Act are conclusory and self-serving, the statute allegedly requiring HUD to accept an assignment of mortgage does not apply to reverse mortgages, and Dadi otherwise failed to identify any other required remedy that Nationstar failed to offer him. (ECF No. 49 at 5.)[9]

Dadi's amended complaint alleges that Nationstar violated TILA "by not properly informing Mr. Dadi of all options available to him as required prior to initiating foreclosure proceedings," which would have prevented foreclosure, and that Nationstar did not offer "relief

---

[9] I will not consider the material Dadi attached to his response in deciding the motion to dismiss and therefore decline Nationstar's invitation to convert its motion to dismiss into one for summary judgment. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir, 2000) ("[W]hen matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material.") (citations and internal quotation marks omitted).

and alternative options" because Mr. Dadi is sick and elderly. (ECF No. 37 at 6, ¶ 8.) Dadi claims that Nationstar also violated the Dodd-Frank Act by "not properly notifying, informing Mr. Dadi of all options and alternative [sic] available to him . . . to prevent foreclosure," failed to work with Mr. Dadi to prevent foreclosure, failed to "follow mortgage servicing rules as required," "failed to follow each and every HUD guideline, regulation, and process prior to initiating foreclosure proceedings," and "violat[ed] Public Act 83-547 as amended."[10] (*Id.* at 7, ¶ 11.) In support of his claims, Dadi alleges that Nationstar "never provided the required documents necessary to have [HUD] accept assignment of the mortgage subject of this litigation" (*id.* at 4, ¶ 1), that Mr. Dadi "attempted to negotiate and settle any and all outstanding alleged delinquencies under the Federal Guidelines" (*id.* at 5, ¶ 5), and that Nationstar "was properly notified of the hardships and medical condition of [Dadi] as with the claimed self-employment declined as a result of his medical conditions and failed to properly inform [him] of his options as required by any lender," (*id.* at ¶ 6). (Dadi's remaining allegations pertain to HUD, which has been dismissed as a cross-claim defendant.)

In accordance with his *pro se* status, I construe Dadi's amended answer to attempt to state two counterclaims against Nationstar based on its failure to offer alternatives to foreclosure: (1) one under TILA's private right of action, 15 U.S.C. § 1640, and (2) one under the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605(f), which was amended by the Dodd-Frank Act.[11] *See Aldi v. Wells Fargo Bank*, NA, No. 3:14-CV-00089-WWE, 2015 WL 3650297,

---

[10] Dadi's passing reference to P.A. 83-547 is insufficiently pleaded, and in any event Dadi would not be entitled to relief for the same reasons discussed in my treatment of the statute as an affirmative defense. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action . . . do not suffice.").

[11] The court's review does not suggest any other relevant claim under the Dodd-Frank Act. *See Galli v. Astoria Bank*, No. 16-CV-3549 (SIL), 2017 WL 4325824, at *4 (E.D.N.Y. Sept. 27, 2017) (noting that Dodd-Frank amended RESPA "to address the duties of servicers of

at *7 (D. Conn. Feb. 17, 2015); *Estate of Leventhal ex rel. Bernstein v. Wells Fargo Bank, N.A.*, No. 14 CIV. 8751 ER, 2015 WL 5660945, at *12 (S.D.N.Y. Sept. 25, 2015) (both finding no private right of action for reverse mortgages under HECM statute, 12 U.S.C. § 1715z–20, and its implementing regulations).

I agree with Nationstar that Dadi's counterclaims should be dismissed. Dadi's allegations are conclusory and unsupported. *Hayden*, 594 F.3d at 161 ("A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" (quoting *Iqbal*, 556 U.S. at 679)). Dadi's counterclaim complaint identifies no particular alternative option to foreclosure that Nationstar was required to make available to him under any statute, rule, or guideline. He similarly does not identify which particular "mortgage servicing rules" or "HUD guideline, regulation, and process" Nationstar failed to follow prior to initiating foreclosure proceedings. Dadi's counterclaims further do not identify the source of the supposed requirement that Nationstar provide documents to HUD in order for HUD to accept an assignment of the mortgage. Moreover, Dadi does not recite the elements of TILA or RESPA that form the basis of his counterclaims, nor does he explain how Nationstar's conduct violated either statute. Even Dadi's *pro se* status does not require me to engage in "'rank speculations' to manufacture a federal claim." *Gonzalez*, 2014 WL 2475893, at *5.

Even if Dadi's allegations were well-pleaded (they are not), I would grant Nationstar's motion to dismiss his counterclaims because Dadi could not obtain relief under either statute. *See Hayden*, 594 F.3d at 161 ("At the second step, a court should determine whether the 'well-pleaded

---

federally related mortgage loans regarding borrower requests for information or assertions of error" and created the CFPB, which in turn "implemented a series of mortgage servicing rules . . . with various loss mitigation procedures that servicers must follow after a payment default."). Though Dadi also raises a breach of the implied covenant of good and fair dealing in his brief opposing dismissal (ECF No. 51 at 3), he may not amend his complaint through his brief.

factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'") (quoting *Iqbal*, 556 U.S. at 679). TILA provides that an affirmative action for damages must be brought within 1 year from the "date of the occurrence of the violation," or, for certain actions, three years from such date. 15 U.S.C. § 1640(e). (ECF No. 37 at 8, ¶ 4 (seeking $400,000 in damages for "not following proper Federal Laws and Guidelines."). "It is well-settled law that in 'closed-end credit' transactions [such as mortgages] . . . the 'date of the occurrence of violation' is no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiffs." *Cardiello v. The Money Store, Inc*., No. 00 CIV. 7332 (NRB), 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001), *aff'd*, 29 F. App'x 780 (2d Cir. 2002). Nationstar's complaint alleges (and Dadi admits) that the reverse mortgage transaction closed on July 31, 2009, well over 8 years before Dadi asserted his TILA counterclaim. (ECF No. 47-2 at ¶ 1; ECF No. 37 at 1); *see Chisholm v. United of Omaha Life Ins. Co.*, 514 F. Supp. 2d 318, 324 (D. Conn. 2007) ("[A] defendant may raise the statute of limitations in a Rule 12(b)(6) motion where the dates in a complaint show that an action is barred by a statute of limitations." (internal quotation marks omitted)). Dadi has not provided any reason why equitable tolling or any other tolling doctrine should apply here. Accordingly, his TILA counterclaim is time-barred.

RESPA was enacted to provide "consumers . . . with greater and more timely information on the nature and costs of the settlement process and [to ensure consumers] are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." *Claude v. Wells Fargo Home Mortg.*, No. 3:13-CV-00535 VLB, 2014 WL 4073215, at *18 (D. Conn. Aug. 14, 2014) (citation omitted). RESPA and its implementing regulations provide detailed requirements that loan servicers must follow after a borrower defaults. *See, e.g.*, 12 C.F.R. § 1024.39 (early intervention requirements for delinquent borrowers); 12

C.F.R. § 1024.41 (specifying loss mitigation application procedure that a lender must follow prior to foreclosure but noting that "nothing in [this regulation] imposes a duty on a servicer to provide any borrower with any specific loss mitigation option."). However, as stated above, Dadi has not alleged which statute or regulation he believes Nationstar violated, which alone is fatal to his RESPA claim. *See Ngwa v. Castle Point Mortg., Inc.*, No. 08 CIV. 0859(AJP), 2008 WL 3891263, at *13 (S.D.N.Y. Aug. 20, 2008) (granting motion to dismiss when "even after being challenged by defendant's motion to dismiss, [plaintiff] has not identified what RESPA provision plaintiff asserts defendants violated.").

Moreover, Dadi has not sufficiently alleged damages resulting from any such violations. RESPA provides a private right of action, 12 U.S.C. § 2605(f), which authorizes borrowers to sue for damages as a result of a failure to comply with RESPA or its implementing regulations. 12 U.S.C. § 2605(f); 12 C.F.R. § 1024.41 (authorizing borrowers to enforce regulatory foreclosure requirements through § 2605(f)). For this reason, "a plaintiff seeking actual damages under § 2605 must allege that the damages were proximately caused by the defendant's violation of RESPA." *Tanasi v. CitiMortgage, Inc*., 257 F. Supp. 3d 232, 269 (D. Conn. 2017) (citation omitted). Although Dadi seeks $400,000 in damages for "not following proper Federal Laws and Guidelines" (ECF No. 37 at 8, ¶ 4), which I interpret as a claim for actual damages, Dadi nowhere addresses how Nationstar's alleged failure to comply with the applicable federal rules and regulations (which he does not identify) caused him $400,000 in damages. (*Id.* at 7, ¶ 11 (alleging unspecified Dodd-Frank violations but not that harm resulted).) *Compare Claude v. Wells Fargo Home Mortg.*, No. 3:13-CV-00535 VLB, 2014 WL 4073215, at *19 (D. Conn. Aug. 14, 2014) (denying motion to dismiss RESPA claim where *pro se* plaintiff specifically alleged that he had spent thousands of dollars litigating the case as a result of defendant's reporting of his delinquency

to the credit bureaus). For all these reasons, Dadi's counterclaim complaint does not state a RESPA claim. However, because it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities," I dismiss Dadi's RESPA counterclaim without prejudice. *United States v. Schwimmer*, 968 F.2d 1570, 1575 (2d Cir. 1992); *see also Tanasi*, 257 F. Supp. 3d at 256 (observing that under Connecticut's transactional test, RESPA claims that arise out of the "execution of the note and mortgage and the subsequent default" are counterclaims in a foreclosure action that may be barred by *res judicata* if not raised in the foreclosure action) (quoting *Webster Bank v. Linsley*, No. CV970260406S, 2001 WL 1042581, at *9 (Conn. Super. Ct. Aug. 14, 2001)).

Accordingly, I GRANT Nationstar's motion to dismiss Dadi's TILA counterclaim with prejudice and his RESPA counterclaim without prejudice. Dadi may, within 21 days of this order, file an amended RESPA counterclaim that corrects the defects identified in this order. Any such amendment, however, may not assert further claims, as Dadi has already received an opportunity to amend. (ECF Nos. 32, 37.)

c.      Motion to Strike Affirmative Defenses

i. *Dadi's First, Second, Third, and Fifth Amended Defenses*

Nationstar has moved to strike Dadi's first, second, third, and fifth affirmative defenses for lack of jurisdiction. (ECF No. 49 at 1–2.) In all of these defenses, Dadi asserts that HUD should have accepted assignment of the reverse mortgage under 12 U.S.C. § 1715u(c), the loss mitigation statute. (ECF No. 37 at 2–3, ¶¶ 9, 10, 11, 13.) But even if that statute were applicable to reverse mortgages, which HUD and Nationstar both dispute due to the non-periodic nature of the payments under such arrangements, I previously concluded in dismissing Dadi's cross-claims against HUD that 12 U.S.C. § 1715u(d) precludes judicial review of any HUD decision about whether to exercise

its authority under the statute, including HUD's decision about whether to accept an assignment. *See Dean v. Dep't of Hous. & Urban Dev.*, No. 00-CV-56H, 2000 WL 575576, at \*4 (W.D.N.Y. Mar. 14, 2000) (granting motion to dismiss for lack of subject matter jurisdiction because § 1715u(d) explicitly prohibits judicial review of HUD's decision on a mortgagee's provision of alternatives to foreclosure).[12]   Accordingly, these defenses are legally insufficient, and their inclusion will prejudice Nationstar.  Therefore, the Court GRANTS Nationstar's motion to strike Dadi's First, Second, Third, and Fifth Amended Defenses.

### ii.  *Dadi's Fourth Amended Defense*

Nationstar asserts that Dadi's fourth defense, that Dadi "has ability to maintain future payments," should be struck as legally insufficient, because following Dadi's default on paying property taxes, his loan has become due and payable.  (ECF No. 37 at 3, ¶ 12; ECF No. 49 at 3–4.) Because Dadi "does not allege that he is able to bring the HECM loan account current or pay future property taxes," Nationstar argues that Dadi's ability to maintain future payments now that he has defaulted is irrelevant.  (ECF No. 49 at 3–4.)  I agree that Dadi's fourth defense is not legally cognizable.  Though past payment is a defense, once a party has defaulted, making future payments or even negotiations to bring an account current does not fall within the narrow category of defenses recognized under Connecticut law going to "the making, validity, or enforcement of the original note or mortgage." *U.S. Bank Nat'l Ass'n v. Blowers*, 177 Conn. App. 622, 635 (2017); *Homecomings Fin. Network, Inc. v. Starbala*, 85 Conn. App. 284, 289 (2004) (past payment is a defense); *Citimortgage, Inc. v. Speer*, No. CV096001411, 2011 WL 1029902, at \*7 (Conn. Super.

---

[12] *Lamison v. United States HUD*, C.A. No. 83-766, 1983 U.S. Dist. LEXIS 18037 (W.D. Pa. Apr. 1, 1983), which Dadi cites in his third defense, is not to the contrary.  That case pre-dates Congress' adoption of 12 U.S.C. § 1715u(d), which eliminated judicial review of the Secretary's decisions to accept assignments under the statute.  *See* Balanced Budget Downpayment Act, Pub. L. No. 104–99, 110 Stat. 26 (1996).

Ct. Feb. 17, 2011) (holding that settlement arrangements bringing account current would not be valid defense to foreclosure action "because it does not attack the making, validity or enforcement of the note and/or mortgage"). No matter how it is construed, Dadi's fourth defense is not a valid defense and so its inclusion will prejudice Nationstar. Therefore, the Court GRANTS Nationstar's motion to strike Dadi's Fourth Amended Defense.

### iii. Dadi's Sixth Amended Defense

Nationstar moves to strike Dadi's sixth defense, which simply asserts "Real Estate Property Tax Increases," for failing to state a valid defense to foreclosure. (ECF No. 37 at 3, ¶ 14.) Even if Dadi's barebones and unsupported assertion overcame the lesser pleading standard applied to affirmative defenses, I agree that this defense is legally insufficient too. Dadi's increased property taxes also do not go to "the making, validity, or enforcement of the original note or mortgage," but rather to Dadi's financial situation after the making of the note and mortgage, so similarly it is not a valid defense to a foreclosure action. *U.S. Bank Nat'l Ass'n*, 177 Conn. App. at 635. Dadi's sixth defense is thus legally insufficient and its inclusion will prejudice Nationstar. Therefore, the Court GRANTS Nationstar's motion to strike Dadi's Sixth Amended Defense.

### iv. Dadi's Seventh and Eighth Amended Defenses

Nationstar moves to strike Dadi's seventh and eighth defenses, which restate his TILA and Dodd-Frank Act counter- and cross-claims against Nationstar and HUD as affirmative defenses. (ECF No. 37 at ¶¶ 15–16.) Both the TILA and Dodd-Frank Act (*i.e.*, RESPA) defenses are legally insufficient. RESPA is not a defense to a foreclosure action under Connecticut law. *See Deutsche Bank Nat. Tr. Co. v. Ofili*, No. CV146022822, 2015 WL 4726836, at *11 (Conn. Super. Ct. July 2, 2015) ("Although a violation of RESPA may result in a claim for damages, it is not a special defense to foreclosure."). While TILA <u>may</u> be asserted as a defense to recoupment in a foreclosure

action under Connecticut law, any such defense (if it existed) expired 3 years after the making of the loan, which here was July 31, 2009. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998) (holding that TILA recoupment defense expires three years after loan closes); *Wells Fargo Bank, N.A. v. Caldrello*, No. CV126014902S, 2016 WL 401645, at *8 (Conn. Super. Ct. Jan. 5, 2016) (observing that TILA is available as a defense to foreclosure under Connecticut law). Accordingly, inclusion of such a defense will prejudice Nationstar, and so the Court GRANTS Nationstar's motion to strike Dadi's Sixth Amended Defense.

### v. Ninth Amended Defense

Finally, Nationstar moves to strike Dadi's Ninth Defense, which asserts that Dadi is "entitled to relief provisions under the Connecticut Public Act 83-547 as amended by Public Act 83-29." (ECF No. 37 at 4, ¶ 17.) Even if this passing reference is construed as a proper invocation of Conn. Gen. Stat. §§ 49-31d *et seq.*, which codifies the act Dadi cites and governs applications for protection from foreclosure, Dadi's defense is legally insufficient. Most notably, Conn. Gen. Stat. § 49-31e explicitly provides that Dadi must make an application for protection under the statute within 25 days of the return date (here, December 22, 2015 (ECF No. 47-2 at 1); *see also* Conn. Gen. Stat. § 49-31f(g) (providing that homeowners who file defenses to the foreclosure action are ineligible to make a foreclosure protection application for un- or underemployment)), and there is nothing in Dadi's pleadings suggesting he did so. Indeed, Dadi pleads no facts in support of this defense. Dadi's ninth defense is thus legally insufficient and its inclusion will prejudice Nationstar. Therefore, the Court GRANTS Nationstar's motion to strike Dadi's Ninth Amended Defense.

**IV.    Conclusion**

For the reasons stated above, I GRANT Nationstar's motion to dismiss Dadi's TILA counterclaim with prejudice and his RESPA claim without prejudice.  Dadi may, within **21 days** of this order, file an amended RESPA counterclaim that corrects the defects under this order.  I further GRANT Nationstar's motion to strike all of Dadi's Amended Defenses.

IT IS SO ORDERED.


            /s/
Michael P. Shea, U.S.D.J.


Dated:          Hartford, Connecticut
                August 24, 2017